**LORI HARPER SUEK**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone:   (406) 657-6101
FAX:      (406) 657-6989
Email:    Lori.Suek@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**JOECEE LEE SCHULTZ,**<br><br>Defendant. | CR 18-26-BLG-SPW-3<br><br>**OFFER OF PROOF** |

The United States, represented by Assistant United States Attorney Lori Harper Suek, files the following offer of proof in anticipation of the change of plea hearing set in this case on September 6, 2018.

## THE CHARGES

The defendant, Joecee Lee Schultz, is charged by indictment in count I with conspiracy to possess with the intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. § 846; and in count II with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

## PLEA AGREEMENT

There is no plea agreement in this case. Schultz has indicated that he will plead guilty to the indictment without the benefit of a plea agreement. In the government's view, this is the most favorable resolution for the defendant. *See Missouri v. Frye,* 566 U.S. 134, 146-147 (2012).

## ELEMENTS OF CHARGE

In order for the defendant to be found guilty of conspiracy to possess with the intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), as charged in count I of the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

> First, beginning in or about September 2017, and continuing thereafter until in or about November 2017, there was an agreement between two or more persons to possess with the intent to distribute and to distribute a substance containing a detectable amount of methamphetamine; and
>
> Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish at least one object of the conspiracy.

In addition, while not a formal element of the offense, the United States must also prove beyond a reasonable doubt that the amount of methamphetamine falling within the scope of the conspiracy, or that was reasonably foreseeable to the defendant, was 50 or more grams of actual methamphetamine.

In order for the defendant to be found guilty of the charge of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), as charged in count II of the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

> First, the defendant knowingly possessed a substance containing a detectable amount of methamphetamine; and
>
> Second, the defendant possessed it with the intent to deliver it to another person.
>
> In addition, while not a formal element of the offense, the United States must also prove beyond a reasonable doubt that the defendant possessed, with the intent to distribute, 50 or more grams of actual methamphetamine.
>
> To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in the transaction.

## PENALTY

The charges in counts I and II each carry a mandatory minimum ten years to life imprisonment, a $10,000,000 fine, at least five years of supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

Between September and November 2017, Jefferson Perrigo was dealing large quantities of methamphetamine in Billings shortly after being released from federal custody on a revocation of supervised release for a prior firearm offense. On November 8, 2017, agents executed search warrants on Perrigo's vehicle and storage unit. Between the two locations, agents seized approximately 12.5 pounds of methamphetamine.

Joecee Schultz and Crystal Skinner were Perrigo's methamphetamine distributors during the course of the conspiracy. When interviewed, Schultz admitted to selling approximately 1.5 pounds of methamphetamine fronted to him by Perrigo.

Lab analysis on the methamphetamine seized during the course of the investigation contained more than 1,000 grams of pure methamphetamine.

DATED this 5th day of September, 2018.

                                        KURT G. ALME
                                      United States Attorney

                                      */s/ Lori Harper Suek*
                                      LORI HARPER SUEK
                                      Assistant U.S. Attorney